Matthew I. Knepper, Esq.
Nevada Bar No. 12796
Miles N. Clark, Esq.
Nevada Bar No. 13848
KNEPPER & CLARK LLC
10040 W. Cheyenne Ave., Suite 170-109
Las Vegas, NV 89129
Phone: (702) 825-6060
Fax: (702) 447-8048
Email: matthew.knepper@knepperclark.com
Email: miles.clark@knepperclark.com

David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
Fax: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Sean N. Payne, Esq.
Nevada Bar No. 13216
PAYNE LAW FIRM LLC
9550 S. Eastern Ave., Suite 253-A213
Las Vegas, NV 89123
Phone: 702-952-2733
Fax: 702-462-7227
Email: seanpayne@spaynelaw.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| CATHERINE NICHOLS, | Case No.: 2:17-cv-02337-APG-GWF |
| Plaintiff, | |
| vs. | **STIPULATED PROTECTIVE ORDER** |
| CREDIT UNION 1; and EXPERIAN INFORMATION SOLUTIONS, INC., | |
| Defendants. | |

STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED by and between Plaintiff CATHERINE NICHOLS ("Plaintiff") and Defendants CREDIT UNION 1 and EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") (collectively, the "Parties"), by and through their counsel of record, as follows:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the defendants and/or personal income, credit and other confidential information of Plaintiff.

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1. This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2. Any party or non-party producing or filing documents or other materials in this action may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

3. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record. Any party filing any document under seal must comply with the requirements of Local Rules.

4. All documents, transcripts, or other materials subject to this Order, (including, but not limited to, all testimony, deposition, or otherwise, that refers, reflects or otherwise discusses any information designated Confidential hereunder), shall not be used, directly or indirectly, by

STIPULATED PROTECTIVE ORDER

any person, including Plaintiff, Credit Union 1 and Experian, commercial or competitive purposes or for any purpose whatsoever other than in connection with this dispute in accordance with the provisions of this Order.

5. All depositions or portions of depositions taken in this action that contain confidential information may be designated as "Confidential" and thereby obtain the protections accorded other confidential information. The parties shall have twenty-one (21) days from the date a deposition is taken, or fourteen (14) days from the date a deposition transcript is received, whichever date is greater, to serve a notice to all parties designating portions as "Confidential." Until such time, all deposition testimony shall be treated as confidential information. To the extent any designations are made on the record during the deposition, the designating party need not serve a notice re-designating those portions of the transcript as confidential information. Any party may challenge any such designation in accordance with Paragraph 14 of this Order.

6. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated confidential hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (e) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

7. Documents produced pursuant to this Order shall not be made available to any

STIPULATED PROTECTIVE ORDER

person designated in Subparagraph 6 (f) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached Declaration of Compliance.

8. Third parties who are the subject of discovery requests, subpoenas or depositions in this case may take advantage of the provisions of this Protective Order by providing the parties with written notice that they intend to comply with and be bound by the terms of this Protective Order.

9. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature.  All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto.  No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 6 and for the purposes specified, and in no event, shall such person make any other use of such document or transcript.

10. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential."

11. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action.  Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

12. Inadvertent failure to designate any document, transcript, or other materials "Confidential" will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is promptly asserted after discovery of the inadvertent failure. If a party designates a document as "Confidential" after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order, and upon

STIPULATED PROTECTIVE ORDER

request from the producing party certify that the designated documents have been maintained as confidential information.

13.     If any party objects to any designation of any materials as Confidential, the parties shall attempt in good faith to resolve such objection by agreement.  If the parties cannot resolve their objections by agreement, any party shall be free to seek the assistance of the Court.  A party shall not be obligated to challenge the propriety of a Confidential designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  Until an objection has been resolved by agreement of counsel or by order of the Court, the materials shall be treated as Confidential and subject to this Order.  The Court may find material to be improperly designated if it: (a) is already public knowledge or otherwise in the public domain; (b) has become public knowledge or enters the public domain other than as a result of a disclosure in violation of this Order; (c) is acquired by the non-producing party from a non-party lawfully possessing such documents or information; (d) was lawfully possessed by the non-producing party before discovery in this action; or (e) where the court finds that the interests of justice do not otherwise justify confidential treatment. .

14.     **The designating party shall have the burden of proving that any document designated as CONFIDENTIAL is entitled to such protection.** If the sole ground for a motion to seal is that the opposing party (or non-party) has designated a document as subject to protection pursuant to the stipulated protective order, the movant must notify the opposing party (or non-party) at least five judicial days prior to filing the designated document, or if five judicial days is not reasonably practicable, then as soon as reasonably practicable. The designating party must then make a good faith determination if the relevant standard for sealing is met. To the extent the designating party does not believe the relevant standard for sealing can be met, it shall indicate that the document may be filed publicly no later than four judicial days after receiving notice of the intended filing. To the extent the designating party believes the relevant standard for sealing

STIPULATED PROTECTIVE ORDER

can be met, it shall provide a declaration supporting that assertion no later than four judicial days after receiving notice of the intended filing. The filing party shall then attach that declaration to its motion to seal the designated material. If the designating party fails to provide such a declaration in support of the motion to seal, the filing party shall file a motion to seal so indicating and the Court may order the document filed in the public record. In the event of an emergency motion, these procedures shall not apply.

15. Within sixty (60) days after the final termination of this litigation, including all appeals, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the Producing Party. In lieu of return, the parties may agree to destroy the documents, to the extent practicable. Each counsel shall be entitled to retain pleadings, memoranda in support thereof, declarations and affidavits, deposition transcripts and exhibits, exhibits, and documents which in good faith judgment of counsel are attorney work product, or expert or consultant work product, notwithstanding that such material consists of or refers to confidential information, to the extent necessary to retain a litigation file for this action.

16. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" subject to the provisions of this Protective Order.

17. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

STIPULATED PROTECTIVE ORDER

18. The Court retains the right to allow disclosure of any confidential information covered by this stipulation or to modify this stipulation at any time in the interest of justice.

**IT IS SO STIPULATED.**

Dated January 25, 2018

| /s/ *Miles N. Clark* | /s/ *Jennifer L. Braster* |
|---|---|
| Matthew I. Knepper, Esq.<br>Nevada Bar No. 12796<br>Miles N. Clark, Esq.<br>Nevada Bar No. 13848<br>KNEPPER & CLARK LLC<br>10040 W. Cheyanne Ave., Suite 170-109<br>Las Vegas, NV 89129<br>matthew.knepper@knepperclark.com<br>miles.clark@knepperclark.com<br><br>David H. Krieger, Esq.<br>Nevada Bar No. 9086<br>HAINES & KRIEGER, LLC<br>8985 S. Eastern Avenue, Suite 350<br>Henderson, NV 89123<br>dkrieger@hainesandkrieger.com<br><br>Sean N. Payne, Esq.<br>Nevada Bar No. 13216<br>PAYNE LAW FIRM LLC<br>9550 S. Eastern Ave., Suite 253-A213<br>Las Vegas, NV 89123<br>Email: seanpayne@spaynelaw.com<br>*Counsel for Plaintiff* | Jennifer L. Braster, Esq.<br>Nevada Bar No. 9982<br>Andrew J. Sharples, Esq.<br>NAYLOR & BRASTER<br>Nevada Bar No. 12866<br>1050 Indigo Drive, Suite 200<br>Las Vegas, NV 89145<br>Email: jbraster@nblawnv.com<br>Email: asharples@nblawnv.com<br>*Counsel for Defendant Experian Information Solutions, Inc.* |
| /s/ *Leslie Bryan Hart*<br>Leslie Bryan Hart, Esq.<br>Nevada Bar No. 4932<br>FENNEMORE CRAIG, P.C.<br>300 E. Second St., Suite 1510<br>Reno, NV 89501-<br>Email: lhart@fclaw.com<br>*Counsel for Defendant Credit Union 1* | |

**ORDER**

**IT IS SO ORDERED.**

Dated: 2/15/2018

_____
UNITED STATES MAGISTRATE JUDGE

STIPULATED PROTECTIVE ORDER