Jennifer L. Braster
Nevada Bar No. 9982
Andrew J. Sharples
Nevada Bar No. 12866
NAYLOR & BRASTER
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(T) (702) 420-7000
(F) (702) 420-7001
jbraster@nblawnv.com
asharples@nblawnv.com

Cheryl L. O'Connor
Nevada Bar No. 14745
coconnor@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612.4408

*Attorneys for Defendant*
*Experian Information Solutions, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Catherine Nichols, | Case No. 2:17-cv-02337-APG-GWF |
| Plaintiff, | [PROPOSED] **AMENDED STIPULATED PROTECTIVE ORDER** |
| v. | FAC Filed: December 19, 2017 |
| Credit Union 1, and Experian Information Solutions, Inc. | |
| Defendants. | |

IT IS HEREBY STIPULATED by and between Plaintiff Catherine Nichols ("Plaintiff")[1] and Defendants Credit Union 1 and Experian Information Solutions, Inc. ("Experian") (collectively, the "Parties"), through their respective attorneys of record:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research,

---

[1] Plaintiff has also asserted class action allegations. To the extent a class is certified, Plaintiff shall be defined to include all class members.

development, technology or other proprietary information belonging to the defendants and/or personal income, credit and other confidential information of Plaintiff.

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms and supersedes the protective order entered on February 15, 2018 (ECF No. 20):

1. This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2. Any party or non-party producing or filing documents or other materials in this action (a "Producing Party") may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

3. If a Producing Party believes in good faith that, despite the provisions of this Protective Order, there is a substantial risk of identifiable harm to the Producing Party if particular documents it designates as "Confidential" are disclosed to all other Parties or non-parties to this action, the Producing Party may designate those particular documents as "Confidential—Attorneys' Eyes Only."

4. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," or "Confidential—Attorneys' Eyes Only" and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record. Any party filing any document under seal must comply with the requirements of Local Rules.

5. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony, deposition, or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" or

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(702) 420-7000

1  "Confidential—Attorneys' Eyes Only" hereunder), shall not be used, directly or indirectly, by any
2  person, including Plaintiff, Credit Union 1, and Experian for any business, commercial or
3  competitive purposes or for any purpose whatsoever other than solely for the preparation and trial
4  of this action in accordance with the provisions of this Order.  As set forth in the preceding
5  sentence, materials subject to this Order shall only be used for the preparation and trial of this
6  action and shall not be used in any litigation other than the above-captioned action.

7      6.   Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated confidential hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (e) present or former employees of the Producing Party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure; and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation who have signed the "Declaration of Compliance" (Exhibit A).

22      7.   Except with the prior written consent of a Producing Party designating a document or portions of a document as "Confidential—Attorneys' Eyes Only", or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential—Attorneys' Eyes Only" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential—Attorneys' Eyes Only" hereunder) may not be

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(702) 420-7000

disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) a party's retained outside counsel of record in this action, as well as employees of said outside counsel to whom it is reasonably necessary to disclose the information for this litigation who have signed the "Declaration of Compliance" that is attached hereto as Exhibit A; (b) experts specifically retained as consultants or expert witnesses in connection with this litigation who have signed the "Declaration of Compliance" that is attached hereto as Exhibit A; (c) the Court and its personnel; (d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation who have signed the "Declaration of Compliance" that is attached hereto as Exhibit A; and (e) the author of the document or the original source of the information.

8. Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 6(f) or 7(a), (b) & (d) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached Declaration of Compliance attached hereto as Exhibit A.

9. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 6 and Paragraph 7 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

10. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential" or "Confidential—Attorneys' Eyes Only."

11. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential" or "Confidential—Attorneys' Eyes

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(702) 420-7000

Only" nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

12. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the Producing Party.

13. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" or "Confidential—Attorneys' Eyes Only" subject to the provisions of this Protective Order.

14. **The designating party shall have the burden of proving that any document designated as "Confidential" or "Confidential-Attorneys' Eyes Only" is entitled to such protection.**

15. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(702) 420-7000

16. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

**IT IS SO STIPULATED.**

Dated July 2, 2018

| | |
|---|---|
| /s/ *Miles N. Clark* | /s/ *Jennifer L. Braster* |
| Matthew I. Knepper, Esq.<br>Nevada Bar No. 12796<br>Miles N. Clark, Esq.<br>Nevada Bar No. 13848<br>10040 W. Cheyanne Ave., Suite 170-109<br>Las Vegas, NV 89129<br><br>David H. Krieger, Esq.<br>Nevada Bar No. 9086<br>HAINES & KRIEGER, LLC<br>8985 S. Eastern Avenue, Suite 350<br>Henderson, NV 89123<br><br>Sean N. Payne, Esq.<br>Nevada Bar No. 13216<br>PAYNE LAW FIRM LLC<br>9550 S. Eastern Ave., Suite 253-A213<br>Las Vegas, NV 89123<br><br>*Counsel for Plaintiff* | Jennifer L. Braster, Esq.<br>Nevada Bar No. 9982<br>Andrew J. Sharples, Esq.<br>Nevada Bar No. 12866<br>1050 Indigo Drive, Suite 200<br>Las Vegas, NV 89145<br><br>Cheryl L. O'Connor<br>Nevada Bar No. 14745<br>JONES DAY<br>3161 Michelson Drive, Suite 800<br>Irvine, CA 92612.4408<br><br>*Counsel for Defendant* |
| /s/ *Brandi M. Planet*<br>Leslie Bryan Hart, Esq.<br>Nevada Bar No. 4932<br>Brandi M. Planet<br>Nevada Bar No. 11710<br>FENNEMORE CRAIG, P.C.<br>300 E. Second St., Suite 1510<br>Reno, NV 89501-<br><br>*Counsel for Defendant Credit Union 1* | |

**ORDER GRANTING STIPULATED PROTECTIVE ORDER**

**IT IS SO ORDERED.**

Dated: July 5, 2018

_____
UNITED STATES MAGISTRATE JUDGE

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(702) 420-7000

# EXHIBIT A

## DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Amended Stipulated Protective Order entered in this action on _____, 20___.

5. I have carefully read and understand the provisions of this Amended Stipulated Protective Order.

6. I will comply with all provisions of this Amended Stipulated Protective Order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Amended Stipulated Protective Order, any information, documents or other materials produced subject to this Amended Stipulated Protective Order.

8. I will use such information, documents or other materials produced subject to this Amended Stipulated Protective Order only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Amended Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Amended Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Amended Stipulated Protective Order in this action.

//

//

//

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(702) 420-7000

I declare under penalty of perjury under the laws of the United States that the following is true and correct.

Executed this _____ day of _____, 20__ at _____.

_____
QUALIFIED PERSON

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(702) 420-7000